IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| LARRY D. FULLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 1:11-CV-117-BL |
| | § | |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER
## REGARDING ATTORNEY FEES UNDER 42 U.S.C. § 406(b)

The Court has under consideration a Motion for Award of Attorney Fees Under the Social Security Act (doc. 35) and an Amended Motion for Award of Attorney Fees Under the Social Security Act (doc. 38). Through nearly identical motions and briefing, counsel for Plaintiff seeks attorney fees pursuant to 42 U.S.C. § 406(b). Defendant has filed a response (doc. 36) to the first motion but not to the amended motion. For the reasons set forth below, the Court denies both motions. It denies the original motion without prejudice as set forth herein.

### I. BACKGROUND

Plaintiff filed this suit July 6, 2011, appealing the denial at the administrative level of his application for supplemental security income ("SSI") under Title XVI of the Social Security Act. *See* Compl. (doc. 2). The presiding District Judge designated the undersigned "to conduct any and all proceedings as provided in 28 U.S.C. § 636(c)" upon the parties consent. *See* Order (doc. 5). Each party thereafter consented "to have a United States Magistrate Judge conduct any and all

further proceedings" in this case. *See* Consents to Proceed Before a United States Magistrate Judge (docs. 6 (Plaintiff), 12 (Defendant)).

After Defendant filed an answer (doc. 14) and the administrative record (doc. 15), the Court directed the parties to file briefs. *See* Order Directing Filing of Briefs (doc. 16). Following three granted extensions of time (docs. 18, 20, 23), Plaintiff filed a brief on February 1, 2012. *See* Pl.'s Revised Appeal Br. (doc. 24). Defendant filed her brief (doc. 28) on March 30, 2012. On September 7, 2012, the Court reversed the decision of the Commissioner and remanded this case for additional administrative proceedings. Mem. Op. & Order (doc. 29) at 16. The Court entered its Judgment (doc. 30) on September 10, 2012.

On September 18, 2012, counsel for Plaintiff filed an unopposed motion to extend (doc. 31) the time for filing a motion for fees under 42 U.S.C. § 406(b). Recognizing the holding in *Pierce v. Barnhart*, 440 F.3d 657 (5th Cir. 2006) that Fed. R. Civ. P. 54(d)(2) governs motions for attorneys' fees under § 406(b) and that Rule 54(d)(2) sets a fourteen-day deadline for fee motions from the date of judgment unless a statute or court order provides otherwise, counsel sought to extend that deadline until administrative proceedings were complete. *See* Doc. 31 at 1-3. Alternatively, counsel sought "any other relief deemed appropriate to safeguard the Plaintiff's ability to seek 406(b) attorneys' fees." *Id.* at 3. By order filed September 27, 2012, (doc. 32), the Court granted the motion and extended the time for filing a motion for fees under § 406(b) to December 31, 2012.

In October 2012, the Court partially granted a motion for attorney fees under the Equal Access to Justice Act ("EAJA") and calculated the fee award by multiplying a reasonable rate ($140.00 per hour) by the reasonable hours expended (28.70, including one hour for litigating the fee claim and twenty hours for preparing the brief). *See* Order (doc. 34) at 5. The Court further

stated that if it later awards fees under § 406(b), "counsel shall refund the smaller total award to Plaintiff" pursuant to court precedent. *Id.* at 6.

On July 16, 2013, counsel moved for attorney fees under § 406(b) and provided an itemization of time expended, the Court's October 2012 order granting some EAJA fees, and the contingent fee contract entered into by Plaintiff and counsel. *See* Doc. 35 and attachments. In response to this initial § 406(b) motion for fees, Defendant declined to assert a position on the reasonableness of the fee request because the Commissioner was not the true party in interest with respect to a fee motion under § 406(b). Doc. 36 at 1. Nevertheless, Defendant provided various relevant legal standards to assist the Court and noted that counsel had provided no documentation that the fee request did not exceed twenty-five percent of Plaintiff's past-due benefits, counsel had improperly sought fees for time spent preparing the § 406(b) motion, and counsel had not specified the date that Plaintiff received notice of past-due benefits – a date potentially relevant to the timeliness of the motion for fees. *Id.* at 1-7.

Given the lack of documentation provided with the July 2013 § 406(b) motion, the Court issued an order on October 3, 2013, (doc. 37), requiring that counsel amend the motion to include proof that the Commissioner had awarded past-due benefits. More than fourteen months later, counsel filed the second § 406(b) motion for fees with the original exhibits and a "Notice of Award" dated November 21, 2013, from the Social Security Administration ("SSA") to counsel. *See* Doc. 38 and attachments. Other than providing the new exhibit and briefly addressing the court-noted lack of documentation, the briefing for the amended motion is identical to the briefing on the original motion. There has been no subsequent action in this case since the filing of the amended motion.

3

The Notice of Award reveals that Plaintiff received a favorable decision from the SSA at the administrative level. *See* Doc. 38-1 at 1. It further reveals that the SSA had informed counsel that it found Plaintiff disabled as of December 5, 2003, but Plaintiff did not become eligible for SSI until December 1, 2004. *Id.* The notice advises Plaintiff that he had been awarded past-due benefits on his earnings record beginning January 2004 and ending April 2013. *Id.* at 2-4. It also advises that the monthly amount awarded per year is as follows: $376.00 (2004); $386.00 (2005); $402.00 (2006); $416.00 (2007); $424.67 (2008); $449.34 (2009-2011); $465.34 (2012); and $473.34 (2013). *Id.* The notice of award does not indicate that any funds were withheld for payment of attorney fees. *Id.* at 1-5.

Movant states that the SSA awarded $47,709.00 in past due benefits,[1] the Court may approve up to $11,927.00 (representing twenty-five percent of Plaintiff's past due-benefits) in fees under § 406(b), and she seeks fees of $8,427.25 for federal court services rendered. Doc. 38 at 3.[2] The sought amount represents twenty-five percent of past-due benefits less $3,500.00 in fees awarded at the administrative level. *Id.* at 8. Movant indicates that she will promptly refund the lesser EAJA fees to Plaintiff if the Court grants the current request for fees. *Id.* at 11-12. Movant also states that the SSA has withheld $11,927.00 for attorney fees. *Id.* at 7. But movant provides nothing to support that statement.

## II. DISCUSSION

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security

---

[1] From the Court's calculations, the actual amount is $47,709.72. The slight difference has no material impact on the disposition of the motions before the Court.

[2] Because the amended motion simply makes a minor modification to the original motion and provides one new attachment, the Court cites to the amended motion only.

4

action. Section 406(a) allows an attorney to receive fees '[f]or representation of a benefits claimant at the administrative level.'" *Murkledove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Section 406(b), on the other hand, "governs the award and collection of fees by attorneys for the representation of claimants in court." *Id.* at 788. Section 406(b)(1)(A) provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

Section 406(b) authorizes an award of fees after the attorney has obtained "a favorable decision on remand." *Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013).

Contingent fee agreements are common in social security cases. *See Gisbrecht*, 535 U.S. at 800 (observing that contingent-fee arrangements "are the most common fee arrangement between attorneys and Social Security claimants"). But judicial review acts as an "independent check" of any award of attorney fees under § 406(b), including contingent-fee agreements, to ensure that the award is reasonable and in compliance with § 406. *Id.* at 807. The attorney seeking fees has the ultimate burden to show that, "[w]ithin the 25 percent boundary . . . the fee sought is reasonable for the services rendered." *Id.*

Before addressing the reasonableness of the pending fee request, the Court first considers whether counsel timely moved for fees. The Court may sua sponte raise the timeliness issue when the parties do not address it in their initial filings relative to the § 406(b) fee request. *Rice v. Astrue*, 831 F. Supp. 2d 971, 981, 983-84 (N.D. Tex. 2011). In this instance, Defendant raised the issue in response to the initial § 406(b) motion. *See* Doc. 36 at 7. But Defendant filed no response to the amended motion. Regardless, the Court properly considers the timeliness of the fee request. The

Commissioner "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798 n.6. Defendant recognized this legal principle when it filed a response to the original § 406(b) motion for fees. *See* Doc. 36 at 1. By not reasserting the issue in response to the amended motion, it appears that the Commissioner may have failed to remain cognizant of her role in the fee determination. *See Rice*, 831 F. Supp. 2d at 978 n.6 (noting that the Commissioner may have "failed to recognize the part it plays resembling that of a trustee for the claimants"), 983-84 (further discussing reasons for addressing timeliness issue sua sponte). But the Commissioner may not abdicate that role through inaction. And on behalf of a social security claimant, the Court has the authority to raise an available defense to a fee request when the circumstances warrant sua sponte action. *Id.* at 984.

Section 406(b) contains no deadline for seeking attorney fees. *Pierce v. Barnhart*, 440 F.3d 657, 663 (5th Cir. 2006). Consequently, the Fifth Circuit applies Fed. R. Civ. P. 54(d)(2) to fee requests under § 406. *Id.* Therefore, unless the Court otherwise orders, a § 406 fee request must be filed within fourteen days of the date of judgment. *Id.* Counsel recognizes this deadline as shown by the motion for extension of time filed in September 2012. *See* Doc. 31. The Court granted that motion by extending the deadline to December 31, 2012. *See* Doc. 32. Despite that deadline, counsel filed her first § 406(b) motion in July 2013. More than fourteen months after the Court ordered counsel to amend the motion with proper documentation, counsel filed the second motion with a November 21, 2013 notice of award from the SSA which shows Plaintiff entitled to past-due SSI benefits from January 2004 through April 2013. Noting the court order that counsel provide the "Commissioner's letter showing that past-due benefits were awarded," counsel stated that the SSA had advised

6

> that no such letter was issued in this case because the case is for supplemental security benefits, under Title XVI, rather than a claim for disability benefits under Title II of the Social Security Act. However, in an attempt to comply with the Judge's order, [the SSA] provided [counsel] with a letter . . . which shows that Claimant was paid past due benefits back to January 2014. (see attached). This letter has been attached as an exhibit to this motion for the Court's review.

Doc. 38 at 2. Because the attached exhibit reflects past-due benefits back to January 2004, the reference to January 2014 appears to be a typographical error. *See* Doc. 38-1.

In this case, the Court set a December 31, 2012 deadline for any § 406(b) motion for fees. Counsel filed both § 406(b) motions well after that deadline. In neither motion did counsel seek to further extend the deadline or make any attempt to show good cause or excusable neglect under Fed. R. Civ. P. 6(b). On the current briefing, the Court finds the § 406(b) motions untimely under *Pierce*.

Applying Rule 60(b)6) instead of Rule 54(d)(2), some courts have found § 406(b) fee motions timely when filed within a reasonable time after the SSA's decision to award past-due benefits. *See, e.g., McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). But *Pierce* controls the timeliness issue in this case, and it dictates application of Rule 54(d)(2). Moreover, even if the Fifth Circuit applied the more liberal standard, the Court would deny the motions. Although the original § 406(b) motion indicates that the Commissioner awarded past-due benefits of $47,709.00, *see* Doc. 35 at 1-2, counsel provided no proof of such award or any indication as to when she became aware of the award. Standing alone, that motion fails for lack of proper support. And depending on when counsel learned of the award of past-due benefits, the Court could find the motion untimely even under the *McGraw* standard.[3]

---

[3] Although it is clear from the July 2013 filing that counsel had notice of the award prior to the first motion and the submission of the November 21, 2013 notice of award corroborates the award amount claimed in the original motion, it is not clear as to when or how counsel initially became aware of the award of past-due benefits.

7

Counsel does not attempt to cure the support issue until filing the amended motion for fees. But that motion came more than fourteen months after the Court directed the filing of an amended motion. Such filing is not within a reasonable time of the November 2013 Notice of Award or any earlier date when counsel may have received notice of the award. Consequently, the amended motion is untimely even under the "reasonable time" standard used in *McGraw*.

Given the circumstances of this case, the Court finds it prudent to deny the original motion without prejudice to counsel filing another § 406(b) motion for fees that provides all necessary support and an adequate basis to extend the December 31, 2012 deadline to July 7, 2013, the date counsel filed the original § 406(b) motion for fees. Any future request for fees in this case should provide all information necessary to make a final ruling on the fee and timeliness issues, including documentation showing (1) when and how the SSA informed counsel and her client of the award for past-due benefits, (2) when the SSA paid such benefits to claimant; (3) the amount paid to claimant; (4) the amount of funds withheld from the benefits payment in anticipation of a fee award; (5) the amount awarded for fees at the administrative level under § 406(a); and (6) when the SSA awarded those fees. Because it is clear from the information currently before the Court that counsel had notice of the award for past-due benefits prior to filing the original motion for fees, the November 2013 Notice of Award will not suffice as the only documentation concerning notice to counsel. If counsel pursues a third § 406(b) fee motion in this case, a failure to provide all information necessary to issue a ruling on the timeliness and fee issues will likely result in denial of the motion with prejudice to the filing of a fourth such motion.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion for Award of Attorney Fees Under the Social Security Act (doc. 35) and the Amended Motion for Award of Attorney Fees Under the

Social Security Act (doc. 38). The denial of the first motion is without prejudice to counsel filing another such motion as set forth in this memorandum opinion and order within fourteen days of the date of this order.

**SO ORDERED this** _8th_ **day of June, 2016.**

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**